UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM WALKER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-0839 |
| v. | : | (JUDGE MANNION) |
| JEN DIGBY, Unit Manager | : | |
| Defendant | : | |

## MEMORANDUM

**I.   Background**

Plaintiff, William Walker, an inmate confined at the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, alleging a loss of personal and religious property when he was released from the infirmary on August 18, 2019. (Doc. 1). The sole named Defendant is Unit Manager Jen Digby. Id. Along with his complaint, the Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 2).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will grant

Plaintiff's application for leave to proceed *in forma pauperis* and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and as barred by the statute of limitations pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and 28 U.S.C. §1915A (b)(i).

II.   **Factual Allegations**

Plaintiff claims that on August 18, 2019, he was released from the infirmary for an unrelated injury and was returned to his housing unit where he was given back his property. (Doc. 1). He states that "upon receiving his property and thoroughly inspecting said property, he noticed that his religious materials and perishable food items were missing and/or destroyed." Id.

On September 5, 2019, Plaintiff filed Grievance No. 821926, which was denied on September 20, 2019, as follows:

> In your grievance dated 9/5/19, you allege that UM Digby is holding your property. That when you returned from the Infirmary on 8/18/19, there were items missing from your property and they were in UM Digby's possession. You further claim that you went to UM Digby's office on "Three separate occasions I went to Ms. Digby's office compliance Ms. Digby was not of requested items". You claim that the requested items were commissary, study Bibles and your hairbrush. You request that your items be restored or that you receive $5,000.00 for the "sentimental value" of the items/property.
>
> I have read your grievance and investigated your allegations. I have reviewed the confiscation slips and request slip you have submitted with your grievance. I also have interviewed UM Digby.

> The property that was listed on the (4) four confiscation slips were all excess property that would not fit into your four (4) permitted property boxes. A review of the housing units copy of the inventory sheet shows that you were provided with (4) four property boxes full of your belongings. UM Digby reported that she did permit you to come to her office so that you could exchange items but that the first time you came to exchange items you were not providing an even swap of items, (4 pairs of shoes for 2 boxes full of confiscated items) which would have placed you again out of compliance for property. The second time you came to her office she was not available and the third time you came to her office with (2) two empty property boxes and nothing to exchange. UM Digby has provided you with several attempts to exchange items and you have failed to provide items in exchange to stay in compliance with DOC policy.

(Doc. 1-3, Initial Review Response). Plaintiff appealed Grievance No. 821926 to Final Review, where on December 24, 2019, the Chief Grievance Officer denied Plaintiff's Final Appeal, finding that a review of the record determined that Plaintiff's concerns had been adequately addressed. (Doc. 1-7, Final Appeal Decision).

On May 27, 2022, Plaintiff filed the instant action seeking "monetary damages for pain and suffering, mental anguish and property losses." (Doc. 1).

### III. Legal Standard

Pursuant to the screening provisions of 28 U.S.C. §1915(e)(2), the Court is required to screen *in forma pauperis* complaints prior to service and

- 3 -

"shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

Title 28 U.S.C. §1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer

evidence to support the claim, not whether the plaintiff will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a commonsense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## IV. Discussion

Plaintiff is alleging a Fourteenth Amendment deprivation of property without due process claim. However, his claim is not actionable under 42 U.S.C. §1983. See Coulson v. Mooney, 2015 WL 1034632 (M.D. Pa. 2015) (dismissing the complaint on screening because the plaintiff had an

adequate post-deprivation remedy to address his claim that his cellmate deliberately destroyed his television and other personal property). The Supreme Court of the United States has held that neither negligent nor intentional deprivations of property violate the Due Process Clause if there is a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527, 530 (1981). The Third Circuit Court of Appeals has "held that the prison's grievance program and internal review provide an adequate post-deprivation remedy to satisfy due process." Barr v. Knaueer, 321 Fed. Appx 101, 103 (3d Cir. 2009) (citing Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000) ). See also Griffin-El v. Beard, 2010 WL 1837813 (E.D. Pa. 2010) (concluding that a "prisoner's 'failure to [properly] avail himself of such remedy does not affect its adequacy as a post-deprivation remedy' "). Additionally, "the failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." Gordon v. Vaughn, 1999 WL 305240 (E.D. Pa. May 12, 1999) (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995) ).

Moreover, Plaintiff has another post-deprivation remedy, namely a state conversion action. See Crosby v. Piazza, 2012 WL 641938 (3d. Cir. 2012) (holding that to the extent an inmate "is dissatisfied with the outcome

of the administrative process, he may still file a state court tort action"); Reavis v. Poska, 2010 WL 2511379 (W.D. Pa. 2010) ("Plaintiff, cannot as a matter of law, make a claim under the Fourteenth Amendment for a deprivation of property without due process" because the DOC's "internal grievance procedure and the availability of a state tort suit in state court provide adequate post deprivation remedies."); 42 Pa.C.S.A. §8522(a), (b)(3).

Plaintiff admits to filing a grievance, and therefore, has participated in a meaningful post-deprivation grievance procedure. As discussed, if a meaningful post-deprivation grievance procedure is available, regardless of whether the result of this grievance procedure is favorable to the plaintiff, the plaintiff will not have a claim for a violation of the Due Process Clause of the Fourteenth Amendment. Therefore, in accordance with the aforementioned precedential case law, Plaintiff has failed to allege a Fourteenth Amendment violation of the Due Process Clause.

Finally, the Court notes that Plaintiff's action is barred by the statute of limitations.

A District Court can raise the issue of the statute of limitations *sua sponte* at the screening stage. See Hunterson v. Disabato, 532 F. App'x 110, 111-12 (3d Cir. 2007) ("[A] district court may *sua sponte* dismiss a claim as

time-barred under 28 U.S.C. §1915A(b)(1) where it is apparent from the complaint that the applicable statute of limitations has run."). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." The same principle applies to screening complaints under the PLRA. See Whitenight v. Commonwealth of Pennsylvania State Police, 674 F. App'x. 142, 144 (3d Cir. 2017) ("When screening a complaint under §1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required."); Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 F. App'x. 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to §1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under §1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may *sua sponte*

dismiss the complaint pursuant to 28 U.S.C. §1915 or 28 U.S.C. §1915A"); see also Archie v. City of Newark, No. CIV. 12–3657 FSH, 2012 WL 2476229, at *3 (D.N.J. June 27, 2012) (dismissing complaint as time barred under *sua sponte* screening authority).

Under Pennsylvania law, there is a two-year statute of limitations period for personal-injury torts. 42 Pa. Cons. Stat. §5524. Because a §1983 claim is characterized as a personal-injury claim, such claims are governed by the applicable state's statute of limitations for personal-injury claims. See Wallace v. Kato, 549 U.S. 384, 387 (2007); see also Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

The limitation period begins to run on the accrual date, which is governed by federal law. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues when the facts which support the claim reasonably should have become known to the plaintiff. Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); Cetel v. Kirwan Fin. Grp. Inc., 460 F.3d 494, 507 (3d Cir. 2006) (quoting Mathews v. Kidder Peabody & Co., 260 F.3d 239, 252 (3d Cir. 2001)); see also Large v. County of Montgomery, 307 F. Appx. 606, 606 (3d Cir. 2009). "The determination of the time at which a claim accrues is an objective inquiry; [courts] ask not what the plaintiff actually knew but what a reasonable person should have

known." Kach, 589 F.3d at 634. Importantly, accrual is not tied to whether the potential claimant knew or should have known that the injury constitutes a legal wrong. Giles v. City of Philadelphia, 542 F. App'x. 121, 123 (3d Cir. 2013) (citing Sandutch v. Muroski, 684 F.2d 252. 254 (3d Cir. 1982)). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." Kriss v. Fayette Cty., 827 F. Supp. 2d 477, 484 (W.D. Pa. 2011) aff'd, 504 F. App'x. 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Kach, 589 F.3d at 634. Furthermore, "the rule that a cause of action accrues upon discovery of the injury does not require that a plaintiff have identified every party who may be liable on its claim." Graff v. Kohlman, 28 F. App'x. 151, 154 (3d Cir. 2002) (citing New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1125 (3d Cir. 1997)).

Judged by these benchmarks, Walker's allegations against Defendant Digby are plainly time-barred. The only well-pleaded allegation that Plaintiff makes against Digby allegedly took place on August 18, 2019, more than two years prior to the May 27, 2022[1] filing of the instant action. "A complaint

---

[1]The Court notes that Plaintiff's complaint was signed on May 12, 2022 and his mailing envelope is postmarked May 25, 2022. Thus, even providing
*(footnote continued on next page)*

is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).

Because the statute of limitations defense is apparent on the face of Walker's complaint, it is subject to dismissal as legally frivolous pursuant to the Court's screening authority under 28 U.S.C. §19159(e)(2)(B)(i) and §1915A(b)(1). Moreover, as the complaint fails to reveal any ground for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice. Ostuni v. Wa Wa's Mart, 532 Fed.Appx. 110, 112 (3d Cir. 2013) (*per curiam*) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

Plaintiff the benefit of the signature and postmark date, does not bring his complaint within the required August 18, 2021 timely file date. See Houston v. Lack, 487 U.S. 266 (1988) (finding that the computation of time for complaints filed by *pro se* inmates is determined by the "mailbox rule").

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " Omar v. Blackman, 590 Fed.Appx. 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)). Even affording Plaintiff the tolling of the statute until his Final Appeal was denied on December 24, 2019 would not bring his complaint within the December 24, 2021 compliance date.

**V.      Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis,* dismiss the complaint as legally frivolous as time-barred pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and §1915A(b)(1) and for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). See Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143 (3d Cir. 2019) (per curiam) (affirming dismissal of amended complaint where inmate "alleged in his complaint that when he and all other prisoners were moved from SCI-Graterford to SCI-Phoenix, many prisoners' possessions were destroyed or damaged, including his legal materials"). Amendment is futile.

A separate Order shall issue.

*s/ Malachy E. Mannion*
MALACHY E. MANNION
United States District Judge

**DATE: June 28, 2022**
22-0839-01